Dear Representative Romero:
In response to your recent correspondence, please note the law prohibits a state legislator from concurrently holding employment with the parish government.
LSA-R.S. 42:63(C) of the State Dual Officeholding and Dual Employment Laws prohibits this arrangement, and provides as follows:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. (Emphasis added).
Further, LSA-R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
LSA-R.S. 42:62(9) also states:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . .
Finally, LSA-R.S. 42:62(7) states in part:
 The legislative branch of State government includes the members of the Senate and the House of Representatives. . . .
A legislator holds elective office in the government of this state. The position of employment with the parish comes within the control of the parish governing authority and as such, constitutes employment with a political subdivision of the state under LSA-R.S. 42:62(9). Therefore, it is the opinion of this office that state law prohibits the holding of both positions concurrently.
While R.S. 42:63(C) also prohibits a state legislator from holding a full-time appointive office, no such restriction exists with respect to a part-time appointive office. "Full-time" and "part-time" positions are defined by R.S. 42:62(4) and (5), respectively:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
Finally, an "appointive office" is defined by R.S. 42:62(2), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Therefore, a state legislator could also serve in a part-time appointed position with the parish.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams